# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRENDA JAYNE DUNN, | ) | |
| Plaintiff, | ) | Civil Action No. 10-1551 |
| v. | ) | Magistrate Judge Bissoon[1] |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 9) will be denied, and Defendant's Motion for Summary Judgment (ECF No. 13) will be granted.

Brenda Jayne Dunn ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), seeking review of the final determination of the Commissioner of Social Security ("Defendant" or "Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f ("Act").

The Administrative Law Judge ("ALJ") denied benefits to Plaintiff following two separate administrative hearings on October 29, 2008, and March 4, 2010. (R. at 5, 44).[2] Plaintiff then filed a Complaint in this Court on November 23, 2010. (ECF No. 2).

---

[1] By consent of the parties, the undersigned sits as the District Judge in this case. *See* Consent forms (ECF Nos. 8 & 11).
[2] Citations to ECF Nos. 6 through 6-6, the Record, *hereinafter*, "R. at __."

Defendant filed his Answer on January 31, 2011. (ECF No. 3). Cross Motions for Summary Judgment followed. (ECF Nos. 9, 13).

Following the required 5 step analysis,[3] the ALJ determined that Plaintiff had medically determinable severe impairments in the way of bipolar disorder, cocaine abuse, opioid abuse, alcohol abuse, and substance induced mood disorder. (R. at 118). Plaintiff was determined to be disabled because of her drug and alcohol abuse ("DAA"). However, in the absence of DAA, she had the functional capacity to perform a full range of work at all exertional levels not involving detailed or complex tasks, a high stress work environment, significant decision making, direct interaction with the public, or more than occasional interaction with co-workers, and further limited to work that was routine in nature. (R. at 121). Consistent with the testimony of vocational experts, Plaintiff qualified for a significant number of jobs in existence in the national economy. (R. at 38-40, 85-87, 125-26).

Plaintiff argues that the ALJ failed to correctly analyze the impact of DAA upon her ability to work, failed to adequately discuss and weigh the medical notes of Harshad Patel, M.D. and Fred Gallo, Ph.D., and – as a result of these failures – did not create an RFC assessment or hypothetical question that adequately accommodated all of Plaintiff's credibly established functional limitations. (ECF No. 10 at 14-22).

With respect to DAA, the Act states that "an individual shall not be considered to be disabled . . . if alcoholism or drug addiction would . . . be a contributing factor material to the Commissioner's determination that the individual is disabled." *Ambrosini v. Astrue*, 727 F. Supp.2d 414, 428 (W.D. Pa. 2010) (quoting 42 U.S.C. §§ 423(d)(2)(c), 1382c(a)(3)(J)). According to 20 C.F.R. §§ 404.1535 and 416.935, the "key factor" in making the above

---

[3] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see Barnhart v. Thomas*, 540 U.S. 20, 24-25 (2003).

determination is whether a claimant would continue to be disabled if they ceased using drugs and/or alcohol. *See also Nomes v. Astrue*, 155 Soc. Sec. Rep. Serv. 860, 2010 WL 3155507, *7-8 (W.D. Pa. Aug. 3, 2010) (citation to quoted source omitted). Further, "a materiality finding must be based on medical evidence, and not simply on pure speculation about the effects that drug and alcohol abuse have on a claimant's ability to work." *Ambrosini*, 727 F. Supp.2d at 430 (citing *Sklenar v. Barnhart*, 195 F. Supp.2d 696, 699-706 (W.D. Pa. 2002)).

It is undisputed that, throughout the case record, there is significant evidence of Plaintiff's difficulties with DAA. However, Plaintiff contends that apart from this DAA, her organic mental disorders were sufficiently limiting that she was incapable of holding full time employment and that the ALJ did not properly distinguish between limitations attributable to her DAA and limitations attributable to her other disorders. While the ALJ did not explicitly provide specific limitations attributable to Plaintiff's DAA, he analyzed – at length – the effects of Plaintiff's DAA on her functional capacity and deduced what limitations would exist if Plaintiff were to be clean and sober.

It is significant to note – and the record supports – the ALJ's contention that DAA was present during, if not the immediate cause of, Plaintiff's most recent hospitalizations. (R. at 314-15, 319-21, 327-28, 380-81, 539, 541). While being treated at Sharon Regional Behavioral Health services, Plaintiff's prognosis was considered to be poor because of her DAA, and that with sustained treatment she would see improvement. (R. at 484, 489-94, 521). Plaintiff even stated that hallucinations she suffered were attributable to her cocaine abuse. (R. at 484, 489-94, 521).

While Harshad Patel, M.D. opined that Plaintiff was not capable of employment due to her inability to adapt, her inability to make work related decisions, her inability to get along with

3

supervisors, and her inability to maintain a schedule, he concurrently diagnosed her with cocaine dependence and pain medication dependence. (R. at 528-33). While under Dr. Patel's care, Plaintiff was admitted to the hospital following a drug relapse. (R. at 539-41). Further, while Fred Gallo, Ph.D. gave Plaintiff a poor prognosis in terms of her functional capacity, he also contemporaneously diagnosed Plaintiff with cocaine dependence in early partial remission, indicating continued – though improving – DAA. (R. at 525). He also found that with improvement in her mental health status, Plaintiff could work. (R. at 525).

When placed in a hospital without the opportunity for DAA, and forced to comply with her medication regimen, Plaintiff tended to show substantial improvement in her mental state. It was frequently noted in the medical record that Plaintiff had medication and therapeutic compliance issues that affected her mental status. (R. at 15, 27, 34, 61-62, 78, 482, 516, 539). As stated by the ALJ, and admitted by Plaintiff, when Plaintiff adhered to her medication and treatment regimens and abstained from DAA, her mental state was less impaired and her symptoms could be controlled. (R. at 20-21, 26, 61-63, 67, 315-18, 396, 528-33). As such, the ALJ provided substantial evidence to support his conclusion that DAA was material to Plaintiff's inability to work.

With respect to the ALJ's consideration of Drs. Patel and Gallo's medical opinions, the Court of Appeals for the Third Circuit has held that a treating physician's opinions may be entitled to great weight – considered conclusive unless directly contradicted by evidence in a claimant's medical record – particularly where the physician's findings are based upon "continuing observation of the patient's condition over a prolonged period of time." *Brownawell v. Comm'r of Soc. Sec.*, 554 F.3d 352, 355 (3d Cir. 2008); *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999) (citing *Rocco v. Heckler* 826 F.2d 1348, 1350 (3d Cir. 1987)).

4

However, a showing of contradictory evidence and an accompanying explanation will allow an ALJ to reject a treating physician's opinion outright, or accord it less weight. *Id.* Further, the determination of disabled status for purposes of receiving benefits – a decision reserved for the Commissioner – will not be affected by a medical source simply because it states that a claimant is "disabled," or "unable to work." 20 C.F.R. §§ 404.1527(e), 416.927(e).

Here, the ALJ was entitled to give Dr. Patel's functional assessment of Plaintiff's work activities little weight. Preceding Dr. Patel's list of Plaintiff's marked limitations and his conclusion that Plaintiff could not work, was an account of Plaintiff's observed psychological symptoms which was relatively mild in comparison. Dr. Patel found Plaintiff's racing thoughts, hallucinations, and mood swings all were controlled with medication. (R. at 528-33). Plaintiff was typically alert and oriented, with fair concentration, and without delusions or paranoid thinking. (*Id.*). Plaintiff also appeared relaxed, exhibited relevant speech and coherent thought processes, her concentration, memory, and cognition were fair, and Plaintiff denied suicidal ideation and hallucinations. (*Id.*). She maintained a relationship with her girlfriend and was appropriate with family and friends. (*Id.*). Dr. Patel also assessed a GAF score of 70, suggesting only mild functional limitation. (*Id.*). The internal inconsistencies of Dr. Patel's reports supported the ALJ's denial of substantial weight to Dr. Patel's opinions on limitation and disability.

Dr. Gallo's opinion also was adequately considered by the ALJ. Despite the difficulty interpreting the meaning of the Minnesota Multiphasic Personality Inventory - 2, Dr. Gallo was able to come to a number of conclusions based upon the answers provided. (R. at 522-27). However, the psychological profile created admittedly was invalid. (*Id.*). The ALJ was, therefore, not required to give this portion of Dr. Gallo's opinion significant weight.

5

With respect to the results of the other tests conducted by Dr. Gallo, there is no indication that they were not adequately accommodated by the ALJ's RFC assessment. Moreover, Dr. Gallo only diagnosed Plaintiff's drug dependence as being in early, partial remission, and indicated that with improvement in Plaintiff's psychiatric condition she would be capable of job training and placement. (*Id.*).

Incidentally, Plaintiff briefly mentions that the ALJ erred in his consideration of Ronald Refice, Ph.D.'s assessment of Plaintiff's functional capabilities by mischaracterizing the evidence as medical in nature, when it actually was vocational in nature. (ECF. No. 10 at 23). While this may be true, Plaintiff fails to illustrate how the ALJ's consideration of this evidence was flawed in light of the ALJ's finding that Dr. Refice's opinions regarding Plaintiff's limitations were unduly severe and inconsistent with the medical record as a whole. (R. at 124). As such, the Court is not persuaded that the ALJ erred with respect to this evaluation.

Lastly, in terms of the ALJ's hypothetical to the vocational expert and subsequent RFC assessment, based upon the above discussion it is clear that the ALJ provided a thorough analysis of the medical evidence underlying Plaintiff's claim. Having provided significant record evidence to support his consideration of Drs. Patel and Gallo's medical opinions, and determination that Plaintiff's DAA was material to her disability, this Court concludes that all of Plaintiff's credibly established medical impairments were properly incorporated into the hypothetical to the vocational expert and were accommodated fully in the ALJ's RFC assessment. Based upon the foregoing, the ALJ's decision to deny benefits was supported by substantial evidence.

For all of the reasons stated above, the Court enters the following:

## II. ORDER

Plaintiff's Motion for Summary Judgment (**ECF No. 9**) is **DENIED**, Defendant's Motion for Summary Judgment (**ECF No. 13**) is **GRANTED**, and the decision of the ALJ is affirmed.

IT IS SO ORDERED.


June 28, 2011                                                         s\Cathy Bissoon
                                                                                                  Cathy Bissoon
                                                                                                  United States Magistrate Judge

cc (via ECF email notification):

All Counsel of Record